IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**ROLEX ST. LOUIS**,

    Plaintiff,

v.

**CVS PHARMACY, INC.**, a Foreign Profit Corporation, and **HOLIDAY CVS, LLC**, a Florida Limited Liability Company,

    Defendants.

Case No.: _____

**JURY DEMAND**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Rolex St. Louis, by and through his undersigned counsel, files this Complaint and Demand for Jury Trial against Defendants, CVS Pharmacy, Inc. ("CVSP"), and Holiday CVS, LLC ("Holiday CVS") (hereinafter collectively referred to as "Defendants") and states:

## JURISDICTION & VENUE

1. Jurisdiction in this Court is proper as the claims herein are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter referred to as the "FLSA") to recover unpaid minimum wages, overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Broward County, Florida, located within the Southern District of Florida.

## PARTIES and FLSA COVERAGE

4. At all times material hereto, Plaintiff was a resident within the jurisdiction of the Southern District of Florida.

5. At all times material hereto, Defendant CVSP was, and continues to be a Foreign Profit Corporation that engages in business in Florida, with a principle place of business located at 1 CVS Drive, Woonsocket, Rhode Island.

6. At all times material hereto, Defendant Holiday CVS was, and continues to be a Florida Limited Liability Company that engages in business in Florida, with a principal place of business located at 1 CVS Drive, Woonsocket, Rhode Island.

7. Defendants have joined and combined to form and constitute a single enterprise and/or joint employer by:

   a. Performing related activities, i.e. the operation of CVS Pharmacy stores;
   b. Exercising unified operation or common control over Plaintiff;
   c. Operating for a common business purpose;
   d. Acting directly or indirectly in the interest of each other with respect to Plaintiff;
   e. Agreeing to share employee's services;
   f. Sharing common offices, common record keeping, and equipment;
   g. Sharing common ownership and financial control;
   h. Sharing common management and company policies; and
   i. The entities are not completely dissociated with respect to the employment of Plaintiff, and may be deemed to share control of Plaintiff, directly or indirectly, by reason of the fact that each corporation is owned and operated by the same individuals, and operate for the same business purpose.

8. At all times material hereto, Defendants jointly employed the Plaintiff.

9. At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods and services," in that its employees provide goods and services within the meaning of the FLSA.

12. The annual gross revenue of Defendants was in excess of $500,000.00 per annum for all relevant time periods.

13. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of his acceptance of shipments of goods that travelled in interstate commerce in the exercise of his regular duties as an employee of Defendants.

14. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

15. Defendants hired Plaintiff to work as a non-exempt Operations Supervisor in approximately May 2018.

16. In approximately June 2019, Plaintiff was promoted to the non-exempt Operations Manager position.

17. At all times throughout the duration of his employment, Plaintiff was employed at Defendants' 3090 West Oakland Park Blvd., Oakland Park, Florida, location.

18. Plaintiff worked for Defendants in his capacity as an Operations Manager until

September 26, 2020.

19. As an Operations Supervisor, Plaintiff's duties included, but were not limited to, leading supervisory staff, ensuring that store operations were running smoothly, and responsible for completion of all opening and closing procedures.

20. As an Operations Manager, Plaintiff's duties included, but were not limited to, overall store management, sales and inventory management, employee staffing, financial management, and customer service.

21. Throughout the duration of his employment with Defendants, Plaintiff was compensated on an hourly basis.

22. However, Plaintiff was not properly compensated for all of the hours that he worked each week in most, if not all, workweeks.

23. Instead, Defendants systematically paid Plaintiff for substantially fewer hours than he actually worked each work week.

24. Specifically, Defendants' Manager required Plaintiff to clock-out at the end of his scheduled shift and continue working until his work was complete.

25. Defendants only compensated Plaintiff for his scheduled work hours.

26. This practice resulted in countless hours of off-the-clock work each work week.

27. Some, if not all, of the time that Plaintiff was not compensated for were overtime hours (*i.e.*—hours over forty in a single workweek).

28. During times relevant to the claim, Plaintiff worked in excess of forty (40) hours in one or more workweeks.

29. At various times throughout the duration of Plaintiff's employment Defendants, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular

rate of pay for all hours that he worked in excess of forty (40) hours in a single workweek.

30.     Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

31.     At various times throughout the duration of Plaintiff's employment for Defendants, Defendants' practice of refusing to compensate Plaintiff for the hours that he worked beyond his scheduled work hours resulted in Plaintiff being compensated at a rate less than the applicable minimum wage for all hours worked in a workweek.

32.     Plaintiff should have been, and should be compensated, at least the applicable minimum wage for all hours that she worked each week, plus proper overtime compensation for the hours that he worked over forty in a single work week.

33.     Plaintiff complained to Defendants' General Manager and to Defendants' District Manager with regard to the off-the-clock work that he was not properly compensated for.

34.     However, nothing was done to remedy the FLSA violations that Plaintiff complained of.

35.     Plaintiff resigned from his employment with Defendants on September 26, 2020.

36.     Defendants have violated Title 29 U.S.C. §§ 206 and 207 in that:

    a.   Plaintiff worked in excess of forty (40) hours in one or more workweeks during his employment with Defendants;

    b.   No payments, and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek while Plaintiff worked for Defendants as

      provided by the FLSA;

c.    Defendants failed to pay Plaintiff at least minimum wage in one or more workweeks in violation of the FLSA;

d.    Defendants have failed to maintain proper time records as mandated by the FLSA;

e.    Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful or demonstrated reckless disregard for the FLSA.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207**
**OVERTIME COMPENSATION**

37.    Plaintiff realleges and reincorporates paragraphs 1 through 36 as if fully set forth herein.

38.    Throughout the duration of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours in most, is not all, workweeks.

39.    Throughout the duration of his employment, Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

40.    Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours while Plaintiff was employed by Defendants.

41.    At all times material hereto, Defendant failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

42.    Defendants' actions were willful and/or showed reckless disregard for the

provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due for Plaintiff's work for Defendants.

43. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

44. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continue to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

45. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

46. Plaintiff demands trial by jury.

## COUNT II
## VIOLATION OF 29 U.S.C. § 206
## MINIMUM WAGE COMPENSATION

47. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36 as if fully set forth herein.

48. Plaintiff is entitled to be paid minimum wage for all hours that he worked each week during his employment with Defendants.

49. Defendants failed to pay Plaintiff minimum wage for all hours that he worked in most, if not all, workweeks during his employment with Defendants.

50. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate him for same.

51. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage during one or more weeks of employment with Defendants.

52. Defendants, through its managers, had specific knowledge that it was paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

53. Defendants willfully failed to pay Plaintiff the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

54. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek while employed by Defendants;

    b. Awarding Plaintiff minimum wage compensation in the amount due to him for workweeks Plaintiff worked for Defendants but was not compensated a rate equivalent to the applicable minimum wage;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime and/or minimum wage award;

    d. Awarding Plaintiff pre-judgment and/or post-judgment interest;

    e. An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

    f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

DATED this 16th day of October, 2020.

Respectfully Submitted,

*/s/ Chanelle J. Ventura*
Chanelle J. Ventura, Esquire
Florida Bar No.: 1002876
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile: (954) 333-3515
Email: CVentura@forthepeople.com

*Trial Counsel for Plaintiff*